UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| REGENTS OF THE UNIVERSITY OF MINNESOTA,<br><br>                         Plaintiff,<br><br>v.<br><br>AT&T MOBIILITY LLC,<br><br>                         Defendant<br><br>ERICSSON, INC., AND NOKIA OF AMERICA CORP.,<br><br>                         Intervenor- Defendants | Civil No. 14-4666 (JRT/TNL) |
| REGENTS OF THE UNIVERSITY OF MINNESOTA,<br><br>                         Plaintiff,<br><br>v.<br><br>SPRINT SOLUTIONS, INC. AND SPRINT SPECTRUM L.P.,<br><br>                         Defendants,<br><br>ERICSSON, INC., NOKIA OF AMERICA CORP., AND NOKIA SOLUTIONS AND NETWORKS US LLC,<br><br>                         Intervenor- Defendants | Civil No. 14-4669 (JRT/TNL) |
| REGENTS OF THE UNIVERSITY OF MINNESOTA,<br><br>                         Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC.,<br><br>                         Defendant,<br><br>ERICSSON, INC., NOKIA OF AMERICA CORP., AND NOKIA SOLUTIONS AND NETWORKS US LLC,<br><br>                         Intervenor- Defendants | Civil No. 14-4671 (JRT/TNL) |

| | |
|---|---|
| REGENTS OF THE UNIVERSITY OF MINNESOTA,<br><br>                    Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS,<br><br>                    Defendant,<br><br>ERICSSON, INC., ALCATEL-LUCENT USA INC., AND NOKIA OF AMERICA CORP.,<br><br>                    Intervenor- Defendants | Civil No. 14-4672 (JRT/TNL) |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' APPEAL OF THE MAGISTRATE JUDGE'S ORDER**

Aamir Abdulqader Kazi, **FISH & RICHARDSON, PC**, 1180 Peachtree Street Northeast, Atlanta, GA 30309; Conrad A Gosen, **FISH & RICHARDSON, PC**, 60 South Sixth Street, Suite 3200, Minneapolis, MN 55402; Frank E. Scherkenbach, Lawrence K. Kolodney, Whitney Reichel, and Daniel Haran Wade, **FISH & RICHARDSON, PC**, One Marina Park Drive, Boston, MA 02210; John-Paul Robert Fryckman, **FISH & RICHARDSON, PC**, 12860 El Camino Real, Suite 400, San Diego, CA 92130; Katherine D. Prescott, **FISH & RICHARDSON, PC**, 500 Arguello Street, Suite 400, Redwood City, CA 94603; Brian J. Slovut and Carrie Ryan Gallia, **OFFICE OF THE GENERAL COUNSEL FOR THE UNIVERSITY OF MINNESOTA**, 200 Oak Street Southeast, Suite 360, Minneapolis, MN 55455; William R. Woodford, **AVANTECH LAW, LLC**, 80 South Eighth Street, Suite 900, Minneapolis, MN 55402, for plaintiff;

Barbara P. Berens, Kari S. Berman, and Carrie L. Zochert, **BERENS & MILLER, PA**, 80 South Eighth Street, Suite 3720, Minneapolis, MN 55402; Benjamin Hershkowitz, Josh A. Krevitt, Laura Corbin, and Robert Scott Roe, **GIBSON, DUNN & CRUTCHER LLP**, 200 Park Avenue, New York, NY 10166; Neema Jalali, **GIBSON, DUNN & CRUTCHER LLP**, 555 Mission Street, Suite 3000, San Francisco, CA 94105; Yeepay Audrey Yang, **GIBSON, DUNN & CRUTCHER LLP**, 2001 Ross Avenue, Suite 2100, Dallas, TX 75201, for defendant AT&T Mobility LLC;

David E. Finkelson and George Brian Davis, **MCGUIRE WOODS LLP**, Gateway Plaza, 800 East Canal Street, Richmond VA 23219; Jason W. Cook, **MCGUIRE WOODS LLP,** 2000 McKinney Avenue, Suite 1400, Dallas, TX 75201; John A. Cotter and John Anders Kvinge, **LARKIN HOFFMAN DALY & LINDGREN, LTD**, 8300 Norman Center Drive, Suite 1000, Minneapolis, MN 55437; Karen D. McDaniel, **TAFT STETTINIUS & HOLLISTER LLP**, 2200 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, for defendants Sprint Solutions, Inc, Sprint Spectrum, LP, T-Mobile USA, Inc.;

Frank C. Cimino, Jr., Jeffri A. Kaminski, and Leslie A. Lee, **VENABLE LLP**, 600 Massachusetts Avenue Northwest, Washington, DC 20001; 55437; Karen D. McDaniel and Mark G. Schroeder, **TAFT STETTINIUS & HOLLISTER LLP**, 2200 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, for defendant Cellco Partnership d/b/a Verizon Wireless

Casey Lynne Shomaker, Jonathan Nathanial Powers, Nicolas M. Mathews, Alexander Jefferson Chern, and Warren H. Lipschitz, I, **MCKOOL SMITH, PC**, 300 Crescent Court, Suite 1500, Dallas, TX 75201; Kevin Hess, **MCKOOL SMITH, PC**, 303 Colorado Street, Suite 2100, Austin, TX 78701; Steven Peters, **MCKOOL SMITH, PC**, 1999 K Street Northwest, Suite 600, Washington, DC 20006; Karen D. McDaniel, O. Joseph Balthazor, Jr., and Michael M. Lafeber, **TAFT STETTINIUS & HOLLISTER LLP**, 2200 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402; Theodore Stevenson, III, **ALSTON & BIRD LLP**, 2200 Ross Avenue, Suite 2300, Dallas, TX 75201, for defendant-intervenor Ericsson, Inc.

Brianne Straka, David Aaron Nelson, Marc Lawrence Kaplan, Nathaniel Andrew Hamstra, Athena Diane Dalton, Harrison Rose, Rajat Khanna and Stephen Andrew Swedlow, **QUINN EMANUEL URQUHART & SULLIVAN, LLP**, 191 North Wacker Drive, Suite 2700, Chicago, IL 60606; Eva N. Edmonds, **QUINN EMANUEL URQUHART & SULLIVAN, LLP**, 111 Huntington Avenue, Suite 520, Boston, MA 02199; Jonathan A. Strauss, Christopher Proczko, and Sonia L. Miller-Van Oort, **SAPIENTIA LAW GROUP PLLC**, 120 South Sixth Street, Suite 100, Minneapolis, MN 55402; Karen D. McDaniel, **TAFT STETTINIUS & HOLLISTER LLP**, 2200 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, for defendant-intervenors Nokia of America Corp. and Nokia Solutions and Networks US LLC;

Defendants appeal Magistrate Judge Tony N. Leung's order denying their motions to strike portions of Dr. Wells's expert report and the entirety of Dr. Lynde's supplemental report. Because the Magistrate Judge's order was not only not clearly erroneous but also correct, the Court will deny Defendants' appeal and affirm the Magistrate Judge's order.

## I.  STANDARD OF REVIEW

Magistrate judges may hear and determine certain pretrial matters under the Federal Magistrate Judges Act. 28 U.S.C. § 636(b)(1)(A); accord D. Minn. LR 72.1(a)(2). However, a magistrate judge's decision pursuant to § 636 is not a final order and initial review rests with the district court. *LeGear v. Thalacker*, 46 F.3d 36, 37 (8th Cir. 1995) (citing *Gleason v. Sec'y of Health & Hum. Servs.*, 777 F.2d 1324, 1324 (8th Cir. 1985)).

The standard of review applicable to an appeal of a magistrate judge's order on non-dispositive pretrial matters is extremely deferential. *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007). The Court will reverse such an order only if it is clearly erroneous or contrary to law. *Id.*; 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3). "A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)). "A decision is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008) (internal quotation marks omitted). Because parties must take "not

only their best shot but all of their shots" before a magistrate judge, the Court cannot and will not consider arguments on appeal unless they were presented first to the magistrate judge. *See Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) (cleaned up).

## II.     WELLS REPORT

Defendants first fault the Magistrate Judge for addressing only one of their arguments to strike Dr. Wells's expert report. But really, they bemoan the Magistrate Judge's lack of clairvoyance. After all, the Magistrate Judge appropriately disposed of the one and only ground Defendants briefed in support of their motion to strike. The Magistrate Judge did not commit clear error by failing to predict arguments raised for the first time on appeal.

### A.     Background

Before the close of expert discovery, Plaintiff Regents of the University of Minnesota ("Regents") filed a motion to amend their infringement contentions. (Mot. Leave Am. Infring. Contentions, Dec. 16, 2022, Docket No. 392.)[1] Regents did "not concede that their prior infringement contentions are insufficient to support the infringement theories they intend to advance in these cases," and clarified that the amendments were proposed "out of an abundance of caution and to ensure clarity between the parties." (Pl.'s Mem. Supp. Mot. Leave Am. Infring. Contentions at 7 n.1,

---

[1] All docket citations are to ECF No. 14-4666.

Dec. 16, 2022, Docket No. 394 (cleaned up).)  Because Regents were not diligent in amending their contentions, though, the Magistrate Judge denied their motion to amend. (*See* Mot. Hr'g Tr. at 44:17–23, Jan. 27, 2023, Docket No. 444.)

Defendants later filed a motion to strike certain parts of Regents' expert report produced by Dr. Wells.  (*See generally* Defs. Mot. Strike Portions of Jonathan Wells' Expert Rpt. Alleged Infring. ("Mot. Strike"), May 19, 2023, Docket No. 465.)  This appeal concerns only a portion of that motion to strike—the preclusion argument.  (*See* Defs.' Objs. to Magistrate Judge's Order ("Appeal") at 7 n.2, Dec. 1, 2023, Docket No. 723.)  Because Dr. Wells's infringement explanations for the scrambling and mapping steps in the '768 and '230 patents overlapped with the rejected infringement amendments, Defendants argued in their motion to strike that those explanations were precluded by the Magistrate Judge's amendment order.  (Mot. Strike at 18–19.)  Defendants hung their hat entirely on their preclusion argument, from the title of the relevant section[2] to the substance within.[3] Indeed, Defendants created a chart outlining the reasons why the Magistrate Judge should strike various paragraphs from Dr. Wells's report.  (*Id.* at 18.)  All challenged paragraphs in this appeal fell into the "Precluded by the Court" category, as highlighted:

---

[2] *See id.* at 18 ("The Court already precluded several of Dr. Wells' Opinions on the '768 and '230 patents by denying Regents' motion to amend its contentions." (capitalization altered)).
[3] *E.g. id.* ("[W]hen the Court denied Regents' motion, it settled the issue in Defendants' favor.").

| Reason for Striking | Paragraphs |
|---|---|
| Precluded by the Court | Ex. 1, ¶¶ 250, 295, 347, 374, 431, 442<br>Ex. 1, Appx. E1, ¶¶ 79, 84-85, 107-110<br>Ex. 1, Appx. E2, ¶¶ 34, 41-42, 61, 65-66, 118-19<br>Ex. 1, Appx. F, ¶¶ 57, 72-73 |
| Not Properly Disclosed | Ex. 1, Appx. F, ¶¶ 93-97, 99-102, 121<br>Ex. 1, Appx. D1, ¶¶ 21-24<br>Ex. 1, Appx. D2 ¶ 16-17<br>Ex. 1, Appx. D3 ¶¶ 20-24 |

(*Compare id.*, *with* Appeal at 7 n.2, 11 (identifying the paragraphs challenged on appeal).) Not one of the appealed paragraphs were in the "Not Properly Disclosed" bucket.

In response to Defendants' motion to strike, the Magistrate Judge concluded the relevant paragraphs of Dr. Wells's report were not precluded by his previous amendment order. (Sealed Order at 7–8, Nov. 17, 2023, Docket No. 719.) The amendment order, after all, was about timeliness. During amendment proceedings, "[t]he Court took no position on the substance of the proposed amendments, including whether, absent the proposed amendments, Plaintiff's contentions failed to provide Defendants reasonable notice of Plaintiff's theories such that they would be insufficient to permit such theories to be advanced by Plaintiff in this litigation." (*Id.* at 8.) Because Dr. Wells's opinions were not precluded and that was the only basis for Defendants' challenge to the scrambling opinions, the Magistrate Judge denied Defendants' motion to strike. (*Id.*)

Defendants now appeal the Magistrate Judge's denial, claiming he misconstrued their argument and should have addressed more than the preclusion issue. (Appeal at 11–14.)

B.     Analysis

Defendants cannot avoid the fact that their motion to strike challenged Dr. Wells's scrambling opinions only on preclusion grounds. On appeal, Defendants attempt to bootstrap arguments raised in their briefing on the motion to amend to prove they argued the merits in their motion to strike. But the Magistrate Judge was not required—nor would it have been appropriate—to address arguments raised (but not decided) in earlier motions. What the briefing for the motion to strike argued, and the Magistrate Judge appropriately rejected, was that the amendment order settled the matter for purposes of the motion to strike.[4] If Defendants wanted to raise the merits of whether Dr. Wells's contentions exceeded Regents' live infringement claims for purposes of a motion to strike, they should have done so in the corresponding briefing. It is too late now, though. *See Ridenour*, 679 F.3d at 1067.

Accordingly, because it was not clear error for the Magistrate Judge to not reach an unraised issue, the Court will deny Defendants' appeal of the Magistrate Judge's order denying their motion to strike Dr. Wells's report.

---

[4] To the extent Defendants suggest the Magistrate Judge erred by diverging from *Klaustech, Inc. v. Google LLC*, it was not contrary to law for the Magistrate Judge to reach a different conclusion than that of a different court's magistrate judge in a non-controlling opinion. No. 10-5899, 2018 WL 5109383, at *6–7 (N.D. Cal. Sept. 14, 2018).

**III.   LYNDE REPORT[5]**

The Court will also deny Defendants' appeal of the Magistrate Judge's order on their motion to strike Dr. Lynde's supplemental report.  The Magistrate Judge appropriately weighed the relevant exclusion factors, and the Court finds particularly persuasive Ericsson's ability to adequately represent AT&T and Verizon's interests when they lacked access to the supplemental report.

**A.   Background**

In 2016, Regents served an interrogatory on all Defendants asking they identify all "agreements that conveying patent rights . . . involv[ing] wireless communication technology or technologies relating to LTE networks."  (Decl. Athena Dalton Supp. Mot. Strike Lynde's Suppl. Report "Dalton Decl.") ¶ 5, Ex. 4 at 10, May 22, 2023, Docket Nos. 488, 506.)  Sprint should have identified its license agreement with General Access Solutions, Ltd. ("GAS") Agreement in response, but did not.  (Dalton Decl. ¶ 4, Ex. 3 ("Email Chain") at 2, Docket No. 484.)  It produced a copy of the GAS license to Regents in November 2021, though.  (*See id.*)

In early February 2023, Regents filed Dr. Lynde's damages report before the expert disclosure deadline.  (Dalton Decl. ¶ 3, Ex. 2, Docket No. 505.)  Because Dr. Lynde did not address the GAS Agreement in his analysis of Sprint's prior licenses, Sprint realized it

---

[5] Dr. Lynde's Report is challenged only in the AT&T (14-4666) and Verizon (14-4672) actions.

omitted the GAS Agreement in its interrogatory responses and alerted Regents of the oversight. (Email Chain at 2.) Accordingly, Dr. Lynde quickly prepared a supplemental report addressing the GAS Agreement, which Sprint filed two weeks after the expert disclosure deadline. (*See generally* Dalton Decl. ¶ 2, Ex. 1, Docket No. 504.) Dr. Lynde found the GAS Agreement was probative of his royalty conclusions, not only as to Sprint but as to all Defendants. (*Id.* ¶ 8.)

The cell carriers, though co-defendants in this action, are competitors in the marketplace. (Tr. ("Lynde Tr.") at 73:22–25, July 3, 2023, Docket No. 637.) Thus, the litigants have taken steps to shield certain information from one another, including licensing agreements. (*Id.*) Accordingly, Dr. Lynde's supplemental report was heavily redacted for the AT&T and Verizon actions, and neither Verizon nor AT&T had immediate access to the GAS Agreement. (*See, e.g.*, Dalton Decl. ¶¶ 8–9, Exs. 7–8, Docket Nos. 509, 510.)

Ericsson and Nokia, on the other hand, received copies of the GAS Agreement and unredacted copies of Dr. Lynde's supplemental report. (Lynde Tr. at 74:9–14; Sealed Order at 26.) Ericsson and Nokia have agreed to indemnify AT&T, Verizon, and Sprint, and have taken the lead in defending this action, including as to damages. (*See* Mem. Supp. Ericsson's Mot. Intervene at 2, Jan. 21, 2016, Docket No. 69; Sealed Order at 26.) Ericsson's counsel deposed Dr. Lynde and was able to introduce both the GAS Agreement and Dr. Lynde's supplemental report during his deposition. (*See* Dalton Decl. ¶ 14, Ex. 13

at 8, Docket No. 513.) In addition, all Defendants rely on the same damages expert, who produced a combined rebuttal report addressing Dr. Lynde's analysis of the GAS Agreement. (Decl. Conrad A. Gosen Supp. Pl.'s Opp. ("Gosen Decl.") ¶ 4, Ex. 3, May 30, 2023, Docket Nos. 520, 521; Sealed Order at 26.) In May 2023, after Dr. Lynde's deposition and fact discovery closed, Regents received permission from Sprint to share the GAS Agreement and Dr. Lynde's supplemental report with AT&T and Verizon. (*See* Gosen Decl. ¶ 3, Ex. 2 at 2.)

AT&T and Verizon moved to strike Dr. Lynde's supplemental report as both untimely and based on information (the GAS Agreement) not produced during discovery. (Sealed Order at 24.) The Magistrate Judge denied the motion, concluding the late production was substantially justified and harmless. (*Id.* at 28–29.) As to justification, the Magistrate Judge noted that Sprint should have supplemented its interrogatory responses to identify the GAS Agreement. (*Id.* at 28.) That said, Regents were not entirely blameless given that they received a copy of the GAS Agreement in 2021. (*Id.*) As to prejudice, AT&T and Verizon's defenses were not significantly harmed because Ericsson and their damages expert had access to the relevant materials. (*Id.* at 28–29.) And now, both have access to the GAS Agreement and unredacted report. (*Id.*) Also weighing against the motion was the importance of the evidence and Regents' prompt corrective response once Sprint alerted Regents of the oversight. (*Id.*) Based on those factors and the law's general disfavor of exclusion, the Magistrate Judge denied Defendants' motion. (*Id.* at 29.)

**B.     Analysis**

To begin, the Court finds that the Magistrate Judge appropriately weighed the relevant considerations in denying Defendants' motion to strike. *See Watkins Inc. v. McCormick & Co.*, No. 15-2688, 2023 WL 1777474, at *2 (D. Minn. Feb. 6, 2023); *Citizens Bank of Batesville v. Ford Motor Co.*, 16 F.3d 965, 966 (8th Cir. 1994).

Defendants do not fault the Magistrate Judge's balancing analysis. Rather, they raise two specific objections on appeal. First, they are concerned that they cannot compel Sprint to appear at trial. But that issue bears no relation to the timeliness of Dr. Lynde's report nor the discovery rules at issue in this motion. *See generally* Fed. R. Civ. P. 26, 37. Their concern is also speculative and premature. If AT&T and Verizon proceed to trial, Sprint is not a party to that same trial, and neither AT&T nor Verizon are able to compel Sprint's attendance, they may raise motions in limine or other objections at that time.[6]

Second, AT&T and Verizon protest that they did not have the benefit of the GAS Agreement or unredacted supplemental report while discovery was open. But the Court agrees with the Magistrate Judge—and certainly does not find clear error—that both Ericsson and the cell companies' own expert sufficiently represented AT&T and Verizon's interests such that exclusion is unnecessary. *Cf. Intel Corp. v. U.S. Int'l Trade Comm'n*, 946 F.2d 821, 839 (Fed. Cir. 1991) (finding legal privity and adequate representation in an indemnification relationship). Verizon and AT&T ask the Court to prioritize formalisms

---

[6] The Court makes no prediction of the merit of those hypothetical motions.

over the practicalities of this case in which Ericsson, leading the defense efforts, had full access to the relevant materials.

## CONCLUSION

Because the Magistrate Judge correctly denied Defendants motions to strike paragraphs within Dr. Wells's report and Dr. Lynde's supplemental report, the Court will affirm the Magistrate Judge's order.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Appeal/Objection of Magistrate Judge's Decision Dated November 17, 2023 [Docket No. 723][7] is **DENIED** and the Magistrate Judge's Order [Docket No. 719][8] is **AFFIRMED**.

DATED: February 22, 2024
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

---

[7] ECF No. 14-4669 Docket No. 742; ECF No. 14-4671 Docket No. 711; ECF No. 14-4672 Docket No. 749.

[8] ECF No. 14-4669 Docket No. 740; ECF No. 14-4671 Docket No. 709; ECF No. 14-4672 Docket No. 747.