**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| REGENTS OF THE UNIVERSITY OF MINNESOTA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>AT&T MOBIILITY LLC,<br>　　　　　　　　　　Defendant<br><br>ERICSSON, INC. AND NOKIA OF AMERICA CORP.,<br>　　　　　　Intervenor Defendants | Civil No. 14-4666 (JRT/TNL) |
| REGENTS OF THE UNIVERSITY OF MINNESOTA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SPRINT SOLUTIONS, INC. AND SPRINT SPECTRUM L.P.,<br>　　　　　　　　　　Defendants,<br><br>ERICSSON, INC., NOKIA OF AMERICA CORP., AND NOKIA SOLUTIONS AND NETWORKS US LLC,<br>　　　　　　Intervenor Defendants | Civil No. 14-4669 (JRT/TNL) |
| REGENTS OF THE UNIVERSITY OF MINNESOTA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC.,<br>　　　　　　　　　　Defendant,<br><br>ERICSSON, INC., NOKIA OF AMERICA CORP., AND NOKIA SOLUTIONS AND NETWORKS US LLC,<br>　　　　　　Intervenor Defendants | Civil No. 14-4671 (JRT/TNL) |

| | |
|---|---|
| REGENTS OF THE UNIVERSITY OF MINNESOTA,<br><br>                              Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS,<br><br>                              Defendant,<br><br>ERICSSON, INC. AND NOKIA OF AMERICA CORP.,<br><br>                    Intervenor Defendants | Civil No. 14-4672 (JRT/TNL) |

**MEMORANDUM OPINION AND ORDER ON MOTIONS IN LIMINE**

Aamir Abdulqader Kazi, **FISH & RICHARDSON, PC**, 1180 Peachtree Street Northeast, Atlanta, GA 30309; Alex Rafferty, **FISH & RICHARDSON, PC**, 60 South Sixth Street, Suite 3200, Minneapolis, MN 55402; Frank E. Scherkenbach, Lawrence K. Kolodney, Whitney Reichel, and Daniel Haran Wade, **FISH & RICHARDSON, PC**, One Marina Park Drive, Boston, MA 02210; John-Paul Robert Fryckman, **FISH & RICHARDSON, PC**, 12860 El Camino Real, Suite 400, San Diego, CA 92130; Katherine D. Prescott, **FISH & RICHARDSON, PC**, 500 Arguello Street, Suite 400, Redwood City, CA 94603; Allison Elkman, FISH & RICHARDSON, PC, 7 Times Square, Twentieth Floor, New York, NY 10036; Brian J. Slovut and Carrie Ryan Gallia, **OFFICE OF THE GENERAL COUNSEL FOR THE UNIVERSITY OF MINNESOTA**, 200 Oak Street Southeast, Suite 360, Minneapolis, MN 55455; William R. Woodford, **AVANTECH LAW, LLP**, 80 South Eighth Street, Suite 900, Minneapolis, MN 55402, for Plaintiff.

Barbara P. Berens, Kari S. Berman, and Carrie L. Zochert, **BERENS & MILLER, PA**, 80 South Eighth Street, Suite 3720, Minneapolis, MN 55402; Benjamin Hershkowitz, Josh A. Krevitt, Laura Corbin, and Robert Scott Roe, **GIBSON, DUNN & CRUTCHER LLP**, 200 Park Avenue, New York, NY 10166; Neema Jalali, **GIBSON, DUNN & CRUTCHER LLP**, 555 Mission Street, Suite 3000, San Francisco, CA 94105; Yeepay Audrey Yang, **GIBSON, DUNN & CRUTCHER LLP**, 2001 Ross Avenue, Suite 2100, Dallas, TX 75201, for Defendant AT&T Mobility LLC.

David E. Finkelson and George Brian Davis, **MCGUIRE WOODS LLP**, Gateway Plaza, 800 East Canal Street, Richmond, VA 23219; Jason W. Cook, **MCGUIRE WOODS LLP,** 2601 Olive Street, Suite 2100, Dallas, TX 75201; John A. Cotter and John Anders Kvinge, **LARKIN HOFFMAN DALY & LINDGREN, LTD**, 8300 Norman Center Drive, Suite 1000, Minneapolis, MN 55437, for Defendants Sprint Solutions, Inc, Sprint Spectrum, LP, T-Mobile USA, Inc.;

Frank C. Cimino, Jr., Jeffri A. Kaminski, and Leslie A. Lee, **VENABLE LLP**, 600 Massachusetts Avenue Northwest, Washington, DC 20001; Mark G. Schroeder, **TAFT STETTINIUS & HOLLISTER LLP**, 80 South Eighth Street, Suite 2200, Minneapolis, MN 55402, for Defendant Cellco Partnership d/b/a Verizon Wireless.

Casey Lynne Shomaker, Jonathan Nathanial Powers, Nicolas M. Mathews, Alexander Jefferson Chern, and Warren H. Lipschitz, I, **MCKOOL SMITH, PC**, 300 Crescent Court, Suite 1500, Dallas, TX 75201; Kevin Hess, **MCKOOL SMITH, PC**, 303 Colorado Street, Suite 2100, Austin, TX 78701; Steven Peters, **MCKOOL SMITH, PC**, 1999 K Street Northwest, Suite 600, Washington, DC 20006; Theodore Stevenson, III, **ALSTON & BIRD LLP**, 2200 Ross Avenue, Suite 2300, Dallas, TX 75201, for Defendant Intervenor Ericsson, Inc.

Brianne Straka, David Aaron Nelson, Marc Lawrence Kaplan, Nathaniel Andrew Hamstra, Athena Diane Dalton, Harrison Rose, and Rajat Khanna, **QUINN EMANUEL URQUHART & SULLIVAN, LLP**, 191 North Wacker Drive, Suite 2700, Chicago, IL 60606; Eva N. Edmonds, **QUINN EMANUEL URQUHART & SULLIVAN, LLP**, 111 Huntington Avenue, Suite 520, Boston, MA 02199; Jonathan A. Strauss, Christopher Proczko, Alexander J. Beeby, and Sonia L. Miller-Van Oort, **SAPIENTIA LAW GROUP, PLLC**, 120 South Sixth Street, Suite 100, Minneapolis, MN 55402, for Defendant Intervenors Nokia of America Corp. and Nokia Solutions and Networks US LLC.

Plaintiff Regents of the University of Minnesota ("Regents") allege that the major mobile phone companies ("Defendants") have infringed on four different patents.[1] In preparation for trial, the parties filed motions in limine. The Court ruled on motions during the motions hearing,[2] deferred on Defendants' sixth motion in limine and Regents' first, fifth, seventh, and eighth motions in limine.[3] The Court will take each remaining motion in turn.

## I. DEFENDANTS' MOTION IN LIMINE #6

Defendants argue that the Court should grant their sixth motion in limine out of concern that Regents will offer argument about the "symbol interleaver" that is outside the bounds of the Court's prior claim construction and summary judgment orders. Specifically, Defendants take issue with the fact that reading the claim construction in isolation does not include the Court's explanation that interleaving groups alone is insufficient.

Regents, however, explained that it does not intend to argue that interleaving groups alone is sufficient. Instead, it will argue that the accused product infringes because although it interleaves quadruplets of symbols, individual symbols are also reordered. The Court, at summary judgment, determined that although that theory pushed the

---

[1] Originally, Regents alleged infringement of five patents, but the parties have since resolved the dispute on one of those patents.

[2] Those rulings are included in the Order here, but the Court does not restate the oral reasoning already provided.

[3] All Docket Citations refer to Case No. 14-4666.

bounds of claim construction, it could reasonably be presented to the jury. Nothing Defendants have presented has altered the Court's resolution of that issue.

Because Defendants ask the Court to enforce the terms of its claim construction order, their motion will be granted. But the Court will not further limit Regents' arguments on infringement, nor will the Court allow introduction of language in its claim construction order that is not actually part of the claim constructions. The parties remain free to raise objections at trial.

## II.   REGENTS' MOTION IN LIMINE #1

The only remaining issue in Regents' first motion in limine is whether the Court should exclude any reference to the factual circumstances surrounding Defendants' inequitable conduct claim. The Court granted summary judgment for Regents on this claim, and so Defendants may not raise any matter related to inequitable conduct. Defendants acknowledge that limitation but argue that the fact that Regents failed to include certain dates on its Provisional Patent Nos. 60/374,886 and 60/374,935 ("provisional applications") is relevant to determining the proper priority date.

The dispute here is whether the undated articles referenced in the provisional application are prior art because they were filed more than a year before the provisional applications. The Court fails to see how the fact that those dates were excluded on the provisional applications is relevant to the dispute. Instead, the Court understands this dispute to be about the actual dates themselves, not the inclusion on any provisional application. Accordingly, the Court will grant Regents' first motion in limine in part and

exclude specific references to any failure to include dates of prior art on provisional applications.

### III.   REGENTS' MOTION IN LIMINE #5

The parties dispute whether Defendants can use their own patents to support non-infringement under the doctrine of equivalents.[4]  Typically, evidence of one's own patents is not a defense to infringement.  *Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.*, 944 F.2d 870, 879 n.4 (Fed. Cir. 1991).  However, the Federal Circuit has condoned the use of one's own patents to show that a component is "separately patentable" and thus cannot constitute an insubstantial change encompassed by the doctrine of equivalents.  *Nat'l Presto Indus., Inc. v. W. Bend Co.*, 76 F.3d 1185, 1191–92 (Fed. Cir. 1996).

Regents argues that notwithstanding the potential relevance of the patents, Defendants also must satisfy the prerequisite that the patents-in-suit were reviewed by the United States Patent and Trademark Office ("PTO") in issuing subsequent patents.  *See Hochstein v. Microsoft Corp.*, No. 04-73071, 2009 WL 2022815, at *2 (E.D. Mich. July 7, 2009).  *But see Cook Inc. v. Endologix, Inc.*, No. 1:09-1248, 2012 WL 4514036, at *5 (S.D. Ind. Oct. 1, 2012) (finding that the PTO's failure to consider the patents-in-suit as prior art goes to weight of separate patentability and not admissibility).  Because the Federal

---

[4] To the extent there remains a dispute about whether Defendants may introduce their own patents to argue apportionment of damages, the parties may raise that with the Court if appropriate at trial.

Circuit has not articulated PTO review as an explicit prerequisite, the Court will not impose that restriction here. Instead, the Court will deny Regents' fifth motion in limine and allow Defendants' patents to be introduced as one factor of many for the jury's consideration on equivalence.

**IV.    REGENTS' MOTION IN LIMINE #7**

Regents argue that Defendants should not be allowed to argue invalidity of U.S. Patent Numbers 7,251,768 and RE45,230 by applying the claim scope of the hypothetical claims in lieu of the literal claims. When the Court allowed Regents to assert a theory of infringement under the doctrine of equivalents, Defendants were also permitted to expand their invalidity contentions.

The Court is inclined to allow Defendants to argue invalidity based on their expanded invalidity contentions but recognizes that Regents' hypothetical claim was created to perform an ensnarement analysis and ensnarement is a question of law. *Wilson Sporting Goods Co. v. David Geoffrey & Assocs.*, 904 F.2d 677, 684 (Fed. Cir. 1990). Because Defendants' expert analyzes prior art in light of both the literal claims and the hypothetical claim, the Court is presented with practical difficulties in keeping references to the hypothetical claim and any ensnarement defense separate from invalidity arguments. Given this practical concern, the Court will defer ruling on Plaintiffs' seventh motion in limine until it has had an opportunity to discuss with the parties prior to trial.

## V.     REGENTS' MOTION IN LIMINE #8

Regents seeks to exclude two specific references to Samsung technology in its eighth motion in limine: evidence as to why Samsung equipment was not accused and whether Samsung equipment is a non-infringing alternative.  Defendants agree to refrain from referring to the conflict that accusing Samsung equipment would have created and agree to approach the Court before arguing that Samsung equipment is a non-infringing alternative.  The Court will thus grant Regents' eighth motion in limine.

Defendants express concern about precluding all references to Samsung.  But those concerns fall outside the scope of Regents' motion.  Regents' motion only seeks to exclude the two categories of evidence addressed above.  Accordingly, Defendants may still reference Samsung in unrelated contexts.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Joint Motions in Limine [Docket No. 855][5] are **GRANTED**.

2. Carrier Defendants' Motion in Limine [Docket No. 813] is **DENIED**.

---

[5] ECF No. 14-4669, Docket No. 845; ECF No. 14-4671, Docket No. 815; ECF No. 14-4672, Docket No. 852.

3. Defendants' Motions in Limine [Docket No. 833][6] are **GRANTED in part** and **DENIED in part** as follows:

   a. Defendants' First Motion in Limine is **DENIED**;

   b. Defendants' Second Motion in Limine is **GRANTED in part** and Plaintiff's use of revenue is limited to that included in Dr. Lynde's report;

   c. Defendants' Third Motion in Limine is **DENIED as moot**;

   d. Defendants' Fourth Motion in Limine is **GRANTED provisionally** and the parties are instructed to approach the Court before any arguments about failure to call witnesses;

   e. Defendants' Fifth Motion in Limine is **DENIED** but Plaintiff may not argue that the asserted patents are not the sole reason for commercial success or industry praise;

   f. Defendants' Sixth Motion in Limine is **GRANTED** and the parties must confine their arguments to the Court's prior orders;

   g. Defendants' Seventh Motion in Limine is **GRANTED** but Plaintiff may raise any future concerns with the Court;

   h. Defendants' Eighth Motion in Limine is **DENIED** but Defendants may serve supplemental expert reports; and

---

[6] ECF No. 14-4669, Docket No. 823; ECF No. 14-4671, Docket No. 793; ECF No. 14-4672, Docket No. 830.

      i. Defendants' Ninth Motion in Limine is **DENIED** but Defendants may raise concerns throughout trial.

4. Plaintiff's Motions in Limine [Docket No. 822][7] are **GRANTED in part**, **DENIED in part**, and **DEFERRED in part** as follows:

    a. Plaintiff's First Motion in Limine is **GRANTED in part**, **DENIED in part**, and **DEFERRED in part** as follows:

      i. The parties may not impeach Dr. Wells because his expert opinions conformed with the Court's orders;

      ii. The Court will provide the jury with a preliminary instruction on the differences between literal and doctrine of equivalents infringement but neither party should discuss the Court's prior finding of no literal infringement on U.S. Patent Numbers 7,251,768 and RE45,230;

      iii. The Court will defer ruling on arguments about inventorship and the parties should object as appropriate at trial; and

      iv. Defendants are precluded from providing evidence that certain dates were missing from Plaintiff's provisional applications.

    b. Plaintiff's Second Motion in Limine is **DENIED**;

---

[7] ECF No. 14-4669, Docket No. 812; ECF No. 14-4671, Docket No. 782; ECF No. 14-4672, Docket No. 819.

    c. Plaintiff's Third Motion in Limine is **GRANTED in part** and **DENIED in part** and the parties are limited to presenting evidence that is consistent with the Court's Summary Judgment Order;

    d. Plaintiff's Fourth Motion in Limine is **GRANTED in part** and **DEFERRED in part** as follows:

        i. The parties are precluded from making any remarks that disparage or bolster the PTO; and

        ii. The Court will **DEFER** on any use of the prosecution history from U.S. Patent Numbers 7,251,768 and RE45,230.

    e. Plaintiff's Fifth Motion in Limine is **DENIED**;

    f. Plaintiff's Sixth Motion in Limine is **RESOLVED on joint stipulation**;

    g. Plaintiff's Seventh Motion in Limine is **DEFERRED**; and

    h. Plaintiff's Eighth Motion in Limine is **GRANTED**.

DATED: February 27, 2025
at Minneapolis, Minnesota.

                                            JOHN R. TUNHEIM
                                  United States District Judge